690 F.2d 376
 Richmond R. ALLEN and Jesse W. Nicholson, Appellees,
v.
Basil C. BURKE, Jr., Judge of the General District Court for
the County of Culpeper, Virginia, Defendant,
and
Gladys Pulliam, Magistrate for the County of Culpeper,
Virginia, Appellant.
 No. 81-1781.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 2, 1982.
Decided Sept. 22, 1982.
 
 Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellant.
 Deborah C. Wyatt, Charlottesville, Va. (Wyatt & Rosenfield, Charlottesville, Va., on brief), for appellees.
 Before WINTER, Chief Judge, and ERVIN and CHAPMAN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 Gladys Pulliam, Magistrate for Culpeper County, Virginia, appeals from an order of the district court awarding $7,308.00 in attorney fees against her pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. Pulliam contends that, as a judicial officer, she is absolutely immune from an award of attorney fees. In the alternative, she contends that the district court abused its discretion by awarding excessive attorney fees.
 
 
 2
 We hold that judicial officers are not immune from an award of attorney fees in an action in which prospective relief is properly awarded against a judicial officer. We also hold that the attorney fees awarded by the district court were reasonable in this case. The order of the district court, therefore, is affirmed.
 
 I.
 
 3
 On January 10, 1980, Richmond R. Allen was arrested in Culpeper County, Virginia, on a charge for which incarceration is not authorized under Virginia law.[1] Magistrate Pulliam incarcerated Allen until his trial fourteen days later, however, solely because he was not able to meet $250.00 bail.[2] He was not advised of his right to appointed counsel or taken before a judge[3] until his trial before the Honorable Basil C. Burke, Jr. in the General District Court of Culpeper County.
 
 
 4
 Allen subsequently brought a 42 U.S.C. § 1983 action against Magistrate Pulliam and Judge Burke in which he sought declaratory and injunctive relief. He alleged that he had been incarcerated for a non-incarcerable offense and denied his right to counsel in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments.[4]
 
 
 5
 The district court declared unconstitutional the practice of incarcerating persons for non-incarcerable offenses solely for failure to meet bail and granted injunctive relief against Magistrate Pulliam, in her official capacity.[5] Because the court found that incarceration was unconstitutional in the first instance, it did not reach the issues concerning Allen's rights following incarceration.
 
 
 6
 Allen subsequently filed a request for $7,308.00 in attorney fees and costs pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. The request was based on the actual hours spent on the case calculated at an hourly rate of $60.00.
 
 
 7
 Magistrate Pulliam filed an objection to the request on the ground that it was excessive. She argued that (1) the fees requested should have been based only on the work performed on the issues decided in Allen's favor and not for work on the issues never reached by the court; (2) an hourly rate of $60.00 was excessive; and (3) the request included an unnecessary six-hour trip to Alexandria, Virginia, to file a complaint.
 
 
 8
 The district court awarded the requested fees, finding that (1) although the first appearance and right to counsel issues were not central to the case, they could have been important had Allen lost on the first issue; (2) an hourly rate of $60.00 was reasonable because there were serious constitutional issues involved, the claim was novel, and the case was handled skillfully by Allen's counsel; (3) none of the time spent appeared to be wasteful; and (4) the time allotted for filing the complaint and acquiring permission to proceed in forma pauperis was not unreasonable. The court further noted that the case was a contingency case, which weighed against any decrease in what the court described as the "modest" amount requested.
 
 II.
 
 9
 Although judges and prosecutors are absolutely immune from liability for money damages, Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), this court has held, in Timmerman v. Brown, 528 F.2d 811, 814 (4th Cir. 1975), rev'd on other grounds sub nom. Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981),[6] that judicial immunity does not extend to injunctive and declaratory relief under 42 U.S.C. § 1983. Accord, Heimbach v. Village of Lyons, 597 F.2d 344, 347 (2d Cir. 1979); Harris v. Harvey, 605 F.2d 330, 335 n.7 (7th Cir. 1979), cert. denied, 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980); Kelsey v. Fitzgerald, 574 F.2d 443, 444 (8th Cir. 1978); Shipp v. Todd, 568 F.2d 133, 134 (9th Cir. 1978). The question presently before us is whether a judicial official is liable for attorney fees under 42 U.S.C. § 1988 when judicial immunity is not a bar to prospective relief.
 
 
 10
 The Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that in any action under 42 U.S.C. § 1983, the district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." See Hutto v. Finney, 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978). In Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 738-39, 100 S.Ct. 1967, 1978, 64 L.Ed.2d 641 (1980), the Supreme Court held that attorney fees may be recovered against an official under 42 U.S.C. § 1988 when prospective relief is properly awarded against the official.[7] The Court found, on the basis of the legislative history of § 1988, that Congress intended for attorney fees to be awarded under § 1988 to claimants who obtain prospective relief against an official but who otherwise are barred from recovering damages against the official. Id. Indeed, the House Report states:
 
 
 11
 Furthermore, while damages are theoretically available under the statutes covered by (§ 1988), it should be observed that, in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy.[17] Consequently, awarding counsel fees to prevailing plaintiffs in such litigation is particularly important and necessary if Federal civil and constitutional rights are to be adequately protected.
 
 
 12
 H.R.Rep.No.1558, 94th Cong., 2nd Sess. 9 (1976).[8]
 
 
 13
 We hold, therefore, that a prevailing party may recover attorney fees against a judicial official under 42 U.S.C. § 1988 when prospective relief is properly awarded against the official. See Morrison v. Ayoob, 627 F.2d 669, 672-73 (3d Cir. 1980), cert. denied, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); Entertainment Concepts, Inc. v. Maciejewski, 631 F.2d 497, 507 (7th Cir. 1980), cert. denied, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). Because prospective relief was properly awarded against Magistrate Pulliam, see Timmerman v. Brown, 528 F.2d 811, 814 (4th Cir. 1975), rev'd on other grounds sub. nom. Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981), Allen was entitled to an award of attorney fees under 42 U.S.C. § 1988.
 
 III.
 
 14
 Magistrate Pulliam further contends that the amount of attorney fees under 42 U.S.C. § 1988 was excessive. We disagree.
 
 
 15
 This court has recognized that the allowance of attorney fees " 'is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered. And an appellate court is not warranted in overturning the trial court's judgment unless under all of the facts and circumstances it is clearly wrong.' " Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (quoting United States v. Anglin & Stevenson, 145 F.2d 622, 630 (10th Cir. 1944), cert. denied, 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405 (1945)). The facts and circumstances to be considered by the district court in determining reasonable attorney fees include:
 
 
 16
 (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
 
 
 17
 Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). Because we recognized that "merely providing a checklist of factors to consider does not lead to consistent results or, in many cases, reasonable fees," we articulated a method for applying these factors in Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981) (quoting Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 642 (6th Cir. 1979)). The district court initially should multiply the number of hours reasonably expended ("time and labor expended") by the customary hourly rate ("customary fee for like work") to establish a preliminary amount for the fee award. The court then should consider the other factors and adjust the fee accordingly. 658 F.2d at 249.
 
 
 18
 In this case, the district court reviewed each of the twelve factors and determined that the $7,308.00 attorney fee requested by Allen was "modest" in light of the fact that the case was novel, involved serious constitutional questions, was skillfully presented by counsel, and was taken on a contingency basis.[9] We have reviewed the record and conclude that, under all the facts and circumstances, the attorney fee awarded by the district court in this case was entirely reasonable. Accordingly, the district court's award of attorney fees is affirmed.
 
 IV.
 
 19
 For the foregoing reasons, the award of attorney fees by the district court is affirmed.
 
 
 
 [1]
 Allen was arrested for using abusive language in violation of Va.Code § 18.2-416. Such an offense is a Class 3 misdemeanor for which the maximum penalty is a $500.00 fine
 
 
 [2]
 The magistrate regularly incarcerated persons charged with Class 3 and Class 4 misdemeanors if they could not meet bail, even though such offenses are not punishable by incarceration
 
 
 [3]
 Va.Code § 19.2-158 requires that an accused who is incarcerated be brought before a trial judge on the first day the judge sits after the accused is incarcerated
 
 
 [4]
 The court subsequently granted a motion allowing Jesse W. Nicholson to intervene. Nicholson had been charged with a Class 4 misdemeanor and incarcerated when he was not able to meet bail
 
 
 [5]
 The district court dismissed Judge Burke as a defendant, finding that his involvement in the unconstitutional incarceration was insignificant
 
 
 [6]
 The extent of the Supreme Court's discussion of judicial immunity in Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981), is a footnote in which the Court acknowledged that the Fourth Circuit had held that a state magistrate was not immune from declaratory and injunctive relief. See id. at 71 n.1
 
 
 [7]
 In Consumers Union, two citizens groups sued the Supreme Court of Virginia for promulgating and enforcing an unconstitutional state bar disciplinary rule that prohibited attorneys from advertising. The Supreme Court held that the Virginia court was absolutely immune from both damage liability and prospective relief in its legislative capacity, but that in its enforcement capacity, it was not immune from prospective relief, and the concomitant award of attorneys' fees. The Court refrained from considering whether judicial immunity is a bar to prospective relief under § 1983. 446 U.S. at 735-36, 100 S.Ct. at 1976. The Court noted, however, that it had never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief, and that the Court previously has granted injunctive relief against state judges in cases where the issue of judicial immunity was not raised. Id. at 735 n.14, 100 S.Ct. at 1976 n.14 (citing Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)). Although the Supreme Court has never held that judicial immunity is not a bar to prospective relief, it is the law in this circuit. See Timmerman v. Brown, 528 F.2d 811, 814 (4th Cir. 1975), rev'd on other grounds sub nom. Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981)
 
 
 [8]
 In Pierson v. Ray, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967), the Supreme Court indicated that Congress has the power to abrogate judicial immunity. Footnote 17 of the House Report contains a citation to Pierson v. Ray, which further suggests that Congress intended to allow an award of attorney fees against an official despite immunity from damage liability. See Morrison v. Ayoob, 627 F.2d 669, 672-73 (3d Cir. 1980), cert. denied, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981)
 
 
 [9]
 Because this case was decided before Anderson v. Morris, supra, the district court did not have the benefit of that case. The attorney fee awarded by the district court, however, essentially was determined in the manner prescribed by Anderson v. Morris. Allen's request for $7,308.00 in attorney fees was based on the actual hours spent calculated at an hourly rate of $60.00. The district court determined that all of the hours submitted were reasonably expended and that an hourly rate of $60.00 was reasonable in light of the fact that the customary hourly rate for such a case was between $50.00 and $100.00