870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin M. TOBIN, Phyllis M. Lehan, Kenneth N. Miller,
Plaintiffs-Appellants,
v.
TOWN OF NORTH BEACH, a Municipal Corporation of the State of
Maryland, Board of Supervisors of Elections of
Town of North Beach, Defendants-Appellees,
and
Irene M. Ashton, individually and as a member of the Board
of Supervisors of Elections of Town of North Beach, Md,
William J. Jenkins, Sr., individually and as a member of the
Board of Supervisors of Elections of Town of North Beach,
Md, Marguerite T. Marshall, individually and as a member of
the Board of Supervisors of Elections of Town of North
Beach, Md, Defendants.
 No. 87-2560.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1989.
Decided March 6, 1989.
 
 Glen Marcus Fallin for appellants.
 Sean D. Wallace (John F. Shay, Jr., Knight, Manzi, Brennan, Ostrom & Ham on brief) for appellees.
 Before K.K. HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, plaintiffs below in a 42 U.S.C. Sec. 1983 action against the Town of North Beach, Maryland and its Board of Supervisors ("Town"), appeal from the district court's order awarding attorney's fees to them in an amount substantially less than they requested. We find that the lower court did not abuse its discretion in setting the amount of the award and, accordingly, we affirm.
 
 I.
 
 2
 Plaintiffs below, two residents of the Town and one nonresident owner of a Town business, filed an action under Sec. 1983 to enjoin the Town from continuing to permit nonresidents who owned property in the Town to register to vote in municipal elections. On October 6, 1986, the court granted summary judgment in favor of the plaintiffs and permanently enjoined the Town from allowing any nonresidents to vote on the basis of property ownership. The injunction was premised on the court's determination, as outlined in its Memorandum and Order dated September 25, 1986, that allowing nonresidents to vote violated the equal protection clause of the fourteenth amendment. At the urging of the plaintiffs, the court amended its opinion by noting that state law, although currently forbidding property-based voting rights, created an exception for persons registered prior to July 1, 1972.
 
 
 3
 In anticipation of the Town's general election which was scheduled for November 4, 1986, the municipal defendants requested a stay of the injunction. In order to obviate the need for a second election in the event that its injunction order were reversed or modified on appeal, the court ordered that all nonresident, property-owner voters would use a separate voting booth. The court noted that the defendants could renew their motion for a stay of the injunction in the event that the votes of the nonresidents affected the outcome of any individual election.
 
 
 4
 Plaintiffs' counsel prepared and filed a motion to amend the stay and a memorandum in support of the motion. Plaintiffs argued that the votes of the nonresident property owners who were registered prior to July 1, 1972, should be separated from those cast by voters registered on or after that date. This motion was prompted by the possibility that this court might refuse to uphold the injunction on federal constitutional grounds; in such an event, only the state law grounds would remain and it would then become necessary to distinguish between the pre- and post-July 1, 1972, registrants. This motion was denied, as was a subsequent supplemental motion.
 
 
 5
 As it turned out, the outcome of every contested election on the November 4th ballot would have been affected by the inclusion of the nonresidents' votes. The Town promptly renewed its motion for a stay of the injunction so that the results of the election could be certified. Plaintiffs opposed the motion and it was ultimately denied. The Town later abandoned its appeal of the injunction. The court's injunction order, grounded in the fourteenth amendment's equal protection guarantee, now stands as the end result of the litigation.
 
 
 6
 Plaintiffs filed two motions for attorney's fees seeking an award for a total of 107.6 hours, at one hundred dollars per hour.[1] The district court's fee award was $3,762.00, this amount being calculated on the basis of 62.7 compensable hours at a rate of sixty dollars per hour. It is from this order that the plaintiffs appeal.
 
 II.
 
 7
 Appellants contend that the lower court abused its discretion in disallowing more than forty percent of the hours claimed and by setting the hourly rate at sixty dollars. Specifically, the appellants argue that the court's reduction of the claim did not properly take into account the necessity of some of the hours claimed and the public interests furthered by the plaintiffs' post-injunction activities. With regard to the hourly rate, appellants argue that the court improperly construed the effect of a fee arrangement between them and their lawyer providing for an hourly fee of sixty dollars which would be retroactively increased to one hundred dollars if the plaintiffs prevailed. We find that the district court did not abuse its discretion in either matter.
 
 
 8
 A prevailing party in a Sec. 1983 action is entitled to attorney's fees under 42 U.S.C. Sec. 1988 and the established standard for determination of such an award is the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424 (1983). This Court has identified twelve factors, first set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), as being relevant to fee award determinations. Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982). After making the time-rate calculation, the trial court may then adjust the figure up or down on the basis of any of these factors, and any such adjustments should be explained by the court. Anderson v. Morris, 658 F.2d 246, 249 (4th Cir.1981).
 
 
 9
 The district court denied plaintiffs' claim for virtually all of the hours expended by their lawyer after the injunction was granted. The bulk of the claimed post-injunction services involved either matters on which the plaintiffs did not prevail, such as the motion to amend the terms of the pre-election stay, or activities which were unrelated to the litigation, such as the investigation of alleged election fraud. Although plaintiffs were successful in their opposition to the Town's motion for a post-election stay, the district court apparently denied these fees because the plaintiffs' opposition pleadings were cluttered with non-issues such as the alleged election fraud. We are unwilling to find error in the lower court's decision to deny any award for these efforts.
 
 
 10
 In addition to the award for fee counsel's services (see n. 1, supra), the district court allowed a total of two hours, out of the approximately eight hours claimed, for time spent on the fee issue itself by lead counsel. Much of the time claimed was spent in meeting the defendants' opposition to the fee request, but the district court found that such time was primarily occasioned by excessive requests in the initial fee motion (which included a claim for nine hours expended on the unsuccessful motion to amend the stay) and by fee requests for post-injunction activities. The district court's finding that a large portion of these fee-litigation hours were not reasonably spent on the litigation cannot, in the context of this case, be said to amount to abuse of the court's broad discretion. We, however, do not hold that post-judgment litigation is automatically non-compensable; certainly such efforts are often necessary to preserve the fruits of a judgment. District courts may well find such efforts to be both necessary and reasonably expended and, therefore, compensable. We agree with the district court, however, that such is not the case for much of the time expended here. Thus, we affirm the district court's determination of the number of compensable hours.
 
 III.
 
 11
 Appellants also assert on appeal that the lower court abused its discretion in reducing the hourly fee from the claimed rate of one hundred dollars to sixty dollars. The well-established standard for determining a reasonable hourly rate is the "prevailing market rate" in the community for the similar services of lawyers of reasonably comparable skill, experience and reputation. Blum v. Stenson, 465 U.S. 886 (1984). Evidence introduced by the plaintiffs showed that the hourly rates charged by the largest firms in the state's largest city ranged from fifty dollars to $195. The hourly rate awarded is within this range, albeit on the lower end, and we are unwilling to substitute our judgment for the lower court's finding that sixty dollars per hour represented the prevailing market rate.
 
 
 12
 Appellants also attempt to justify a larger hourly fee by pointing to the fee arrangement with counsel which called for a retroactive increase in the fee, from sixty dollars to one hundred dollars per hour, in the event the plaintiffs prevailed in this litigation. However, this fee arrangement cuts against appellants to the extent that it evinces a willingness by their lawyer to charge only sixty dollars per hour in the event of a loss. While this fee arrangement may be considered by the court in its calculation of the proper hourly rate, it is not a factor which is entitled to any particular weight.
 
 
 13
 The trial court is best positioned to evaluate the efforts of a lawyer appearing before it and the value of his services and this Court will not overturn a fee award unless it is clearly wrong. Arnold v. Burger King Corp., 719 F.2d 63, 67 (4th Cir.1983), cert. denied, 469 U.S. 826 (1984). We cannot say that sixty dollars per hour, under the facts and circumstances of this case, is clearly wrong.
 
 
 14
 Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Included in these fee motions were requests for an award for 9.2 hours spent by "fee counsel" retained solely to pursue the fee award. The court allowed only two hours (at sixty dollars per hour) for fee counsel's services. The reduction of the fee counsel's claimed hours is not an issue in this appeal