**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOYCE M. WILLIAMS,
Plaintiff-Appellant,

v.

COUNTY OF FAIRFAX; MICHAEL
YOUNG, Chief of Police, in his
official and individual capacities,
Defendants-Appellees.

No. 96-1109

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-95-1255-A)

Submitted: November 25, 1997

Decided: September 24, 1998

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed in part and reversed in part by unpublished per curiam opin-
ion.

_____

**COUNSEL**

Joseph D. Gebhardt, Washington, D.C., for Appellant. David P. Bob-
zien, County Attorney, Robert Lyndon Howell, Deputy County Attor-
ney, Cynthia L. Tianti, Assistant County Attorney, Fairfax, Virginia,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joyce M. Williams, a black female, has been employed by the Fairfax County Police Department ("FCPD" or "the Department") as the Civilian Director of the Victim/Witness Assistance Program ("the Program") since January 1986. She alleges that Defendants discriminated and retaliated against her for attempting to discipline a white, subordinate employee, for complaining of racial discrimination within the police department, and for filing grievances. Specifically, she contends that Defendants "trumped up" disciplinary charges against her, which resulted in her termination; Defendants verbally harassed her; and Defendants humiliated her in the press. Accordingly, Williams filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5 (West 1994 & Supp. 1998), and 42 U.S.C. § 1983 (1994).[1] Defendants moved for summary judgment, which the district court granted. The district court also granted Defendants' motion for attorney's fees and nontaxable costs and denied Williams's motion to amend the order. Williams timely appeals from these orders.[2]

_____

[1] Through counsel, Williams and three other minority plaintiffs filed suit in an attempted class action against three separate Fairfax County departments. After plaintiffs filed an amended complaint, the district court dismissed the action as undecipherable and gave Williams eleven days in which to refile her complaint. The court withheld awarding attorney's fees, but clearly warned Williams and her attorney that if she refiled her case but failed to raise a genuine, factual basis from which to bring a claim, then sanctions would be assessed. Williams refiled a complaint within the eleven days, but dropped one of the original defendants from the case. Thereafter, the defendant who had been dropped from the case moved for attorney's fees, which the court granted in the amount of $1000. This appeal arises from the complaint Williams filed pro se within the eleven days.

[2] Williams raises no issues on appeal regarding her § 1983 claim.

2

This court reviews grants of summary judgment in discrimination cases de novo. See Jones v. Wellham, 104 F.3d 620, 626 (4th Cir. 1997). Summary judgment is properly granted if the movant can show that there is no material fact in dispute when viewing the evidence in the light most favorable to the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).

To establish a prima facie case of discriminatory discharge, Williams must show: (1) she is a member of a protected class; (2) she was qualified for the job and performed satisfactorily; (3) in spite of her qualifications and performance, she was discharged; and (4) the position remained open to similarly qualified applicants after plaintiff's dismissal. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). Williams failed to establish that she was performing at a satisfactory level. There was substantial evidence that Williams had abused her use of the county vehicle and her sick and vacation leave. Furthermore, the position did not remain open to similarly qualified applicants after Williams's dismissal. In fact, Williams was not replaced at all. She returned to her original position, with her original title and salary. Thus, Williams failed to establish a prima facie case of discriminatory discharge.

Williams next alleges that her termination was in retaliation for: (1) her attempt to discipline Virginia Johnson, a white employee; (2) her complaints of discrimination by the FCPD; and (3) filing grievances. To establish a prima facie case of retaliation, Williams must prove: (1) she engaged in a protected activity; (2) the FCPD took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. See Carter, 33 F.3d at 460.

Williams failed to establish a prima facie case of retaliation in relation to her discipline of Johnson because attempting to discipline a subordinate is not a "protected activity" under Title VII. Assuming Williams met her burden of establishing a prima facie case with regard to the allegation of retaliation for complaining within the department about discrimination, the burden of production then shifts to Defendants to articulate some legitimate, nondiscriminatory reason for their actions. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The Defendants produced overwhelming

3

evidence that Williams was fired because of the findings of the Civil Service Commission.**3** The evidence included several statements by co-workers, and multiple reports and memoranda detailing the findings of the Internal Affairs investigation into Williams's activities.

After the Defendants provide a nondiscriminatory reason for the discharge, the burden shifts back to Williams to prove by a preponderance of the evidence that the legitimate reasons offered by Defendants were not the true reasons for her termination. See Burdine, 450 U.S. at 253. Although she came forward with an abundance of documentary evidence, none established that Defendants' proffered reason for terminating Williams was pretextual. Thus, Williams failed to satisfy her burden.

Williams also argues that Defendants discriminated or retaliated against her: (1) by changing the conditions of her employment after her reinstatement; (2) by giving her a lower performance evaluation; and (3) in the handling of her grievance of that evaluation and her report of insubordination of two employees. None of these claims has any basis.

This circuit has defined an adverse employment action as one involving "hiring, granting leave, discharging, promoting [or] compensating." Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981). The Civil Service Commission ordered the Defendants to reinstate Williams. Defendants complied, giving Williams her same salary, title, and benefits. The only changes Williams experienced after being reinstated were a different office location and removal of her supervisory duties. These changes do not constitute adverse employment actions.

_____

**3** Both parties devote a large portion of their briefs to discussing the preclusive effect of the findings of the Civil Service Commission. After the parties' briefs were filed, this court held, in a similar case, that the unreviewed findings of the Civil Service Commission are merely state administrative determinations which are not entitled to preclusive effect in Title VII cases. See Rao v. County of Fairfax, Virginia, 108 F.3d 42, 45 (4th Cir. 1997). Even without giving the Commission's findings preclusive effect, there is sufficient evidence to establish Defendants' non-discriminatory motive for discharging Williams. Thus, we deny Williams's motion for summary reversal.

4

See id. Further, even if Williams could make out a prima facie case of retaliation, she failed to rebut Defendants' nondiscriminatory reason for altering her duties. Defendants submit that prior to the findings of the Commission, Williams had been relatively unsupervised. However, after being found guilty of several disciplinary infractions involving truthfulness, the FCPD decided she should be more closely supervised. Accordingly, Williams's supervisory duties were removed and her office was relocated to a space beside her new supervisor so that her activities could be more closely monitored. Williams submitted no evidence to rebut this claim.

As to Williams's claim that she received a lowered performance evaluation, the district court properly granted summary judgment. The evaluation was above satisfactory and qualified Williams for a merit increase in pay. Furthermore, Major Libby included consideration of the Commission's findings in the evaluation pursuant to personnel policy. Thus, this claim also fails.

Williams next alleges that Major Libby improperly handled her grievance of that evaluation by threatening her and throwing his written response to the grievance at her. Major Libby used no racial epithets or slurs, never physically touched Williams, and after the first encounter over the grievance, Williams sought out Major Libby to continue the discussion a short time later. Williams's allegations are unsupported by any evidence and therefore, fail to state a claim.

Williams also contends that Major Libby improperly handled her complaint of insubordination by the employees because he referred the matter to Internal Affairs for an investigation against Williams's wishes. Again, Williams fails to state a claim. Major Libby believed that a charge of insubordination was serious enough to warrant an investigation. The mere fact that Williams disagreed with Major Libby's assessment of the situation does not raise any inference of discrimination or retaliation.

Finally, Williams alleges that Defendants conspired to humiliate her in the press. However, Williams presented no evidence of the conspiracy other than her own allegations. Furthermore, in her deposition, Williams admitted having no evidence of a conspiracy. Thus, this claim also fails.

5

The district court awarded Defendants $14,737.50, in attorney's fees and $2,377.88, in non-taxable costs.**4**  This court reviews a district court's award of attorney's fees for an abuse of discretion. <u>See Hutchinson v. Staton</u>, 994 F.2d 1076, 1080-81 (4th Cir. 1993). A court may award attorney's fees to a prevailing defendant in a Title VII case if it finds the plaintiff's suit to be"frivolous, unreasonable, or groundless, or [where] the plaintiff continued to litigate after it clearly became so.'" <u>Lotz Realty Co. v. United States Dep't of Hous. and Urban Dev.</u>, 717 F.2d 929, 931 (4th Cir. 1983) (quoting <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978)).

In this case, Williams, represented by counsel, filed an action alleging discrimination and retaliation in violation of Title VII. The district court dismissed the second amended complaint in that action and gave Williams eleven days to refile. However, the district court also warned Williams that if she chose to refile her action, but lacked a factual basis to bring a particular claim against a particular defendant, then the court would impose sanctions. Williams refiled her complaint pro se because she was no longer represented by her original attorney, though she retained new counsel shortly thereafter. Upon motion for summary judgment by Defendants, the district court found "absolutely no evidence of racial discrimination in this case" and granted Defendants' motion. Thus, because the district court: (1) allowed Williams to amend her complaint twice; (2) allowed her to refile after dismissal; (3) warned her that sanctions would be imposed if she refiled her complaint without any factual basis; and (4) found all of Williams's claims to be groundless, we find that the district court's award of attorney's fees against Williams personally was not an abuse of discretion. <u>See Hutchinson</u>, 994 F.2d at 1080-81. To the extent the district court awarded fees against Williams's second set of attorneys,

_____

**4** The district court awarded attorney's fees pursuant to 42 U.S.C.A. § 1988 (West Supp. 1997). However, to the extent the fees were awarded for Williams's Title VII claims, the fees should have been awarded under 42 U.S.C. § 2000e-5(k) (1994). <u>See Arvinger v. City Council of Baltimore</u>, 31 F.3d 196, 200 n.* (4th Cir. 1994). Nevertheless, this error is harmless because the standard for granting attorney's fees under § 1988 is identical to the standards applied under § 2000e-5. <u>See Hensley v. Eckerhart</u>, 461 U.S. 424, 433 n.7 (1983); <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1359 n.10 (4th Cir. 1995).

6

however, we find that the district court abused its discretion. Both Title VII and § 1983 are silent about who pays the fees, and we found no authority for the court's imposition of attorney's fees against counsel under these statutes. Accordingly, we reverse the award of attorney's fees against Williams's counsel. We note, however, that the district court is free to consider sanctions against counsel under Fed. R. Civ. P. 11 and under the court's inherent power to sanction an attorney who acts wantonly, vexatiously, or in bad faith. See Quiroga v. Hasbro, Inc., 934 F.2d 497, 504 (3d Cir. 1991).

Williams also argues that the district court's award was excessive. She contends that the district court decided the case based on the issue of the preclusive effect of the Civil Service Commission's findings. She complains that Defendants should have made their preclusion argument earlier in the litigation, before Defendants incurred all the requested fees and expenses, a large portion of which were incurred for time spent on discovery. This argument fails. There is no requirement that Defendants move at any particular stage in the proceedings for dismissal or summary judgment as a prerequisite to recovering attorney's fees and costs. See Bakker v. Grutman , 942 F.2d 236, 241 (4th Cir. 1991). Furthermore, although the district court may have considered the preclusive effect of the Commission's findings, the court's decision was largely based on Williams's lack of evidence. The full measure of Williams's evidence could not be ascertained until after discovery. Thus, the district court did not abuse its discretion by accepting Defendants' calculation of attorney's fees, which included time spent during the discovery process.

Next, Williams argues that the district court's assessment of attorney's fees should have been guided by the fees applied to her attorney in the first class action suit (No. 95-815-A) which was dismissed with permission to refile within eleven days. The starting point for determining fees is found by multiplying the number of hours reasonably spent on the case by the reasonable or customary hourly rate. See Allen v. Burke, 690 F.2d 376, 380 (4th Cir. 1982). From this number, the district court may then adjust the award upward or downward based on twelve traditional factors, one of which includes attorney's fees in similar cases. See id. at 379. Thus, although the district court may have properly considered the award of attorney's fees in the first case, (No. 95-815-A), it was not an abuse of discretion to conclude

7

that the second award (No. 95-1255-A), which came after the court's warning, should be significantly higher than the first.

Finally, Williams argues that the second set of attorneys should not be held responsible for the hours spent by Defendants' attorneys on the first case (No. 95-815-A). Because we have reversed the award against the attorneys, this issue is moot.

Consequently, we affirm the district court's orders granting summary judgment and awarding attorney's fees against Williams personally, and we reverse the award of attorney's fees against Williams's counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; REVERSED IN PART

8