**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6157**

JEFFREY COHEN,

Plaintiff – Appellant,

and

DAMIEN RILEY; CHRISTOPHER PALMER; KENNETH BAINES; MARC BARBER; FAISAL MAPANGALA,

Plaintiffs,

v.

ROD ROSENSTEIN, US Attorney; HARRY GRUBER, Asst. US Attorney; JOYCE MCDONALD, Asst. US Attorney; LEAH BRESSACK, Asst. US Attorney; BRANDIS MARSH, Asst. US Attorney; MATTHEW HOFF, Asst. US Attorney; RACHEL YASSER, Asst. US Attorney,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:14-cv-03996-WDQ)

Submitted: June 11, 2015               Decided: July 21, 2015

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jeffrey Brian Cohen, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Brian Cohen appeals the district court's orders dismissing without prejudice,* under 28 U.S.C. §§ 1915 and 1915A (2012), his suit against federal prosecutors brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and denying his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court determined that Cohen's complaint raised issues concerning the validity of the government's ongoing criminal case against Cohen and, thus, should be dismissed without prejudice under the principles of Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny. Because no conviction has yet occurred, we conclude that the district court's dismissal under Heck is premature. See Wallace v. Kato, 549 U.S. 384, 393 (2007) (rejecting notion that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside").

---

* We have jurisdiction because Cohen cannot cure the defect identified in his complaint by mere amendment. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993) ("Thus we hold that a plaintiff may not appeal the dismissal of his complaint without prejudice unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case.") (brackets, citation, and internal quotation marks omitted).

Accordingly, we vacate the district court's orders and remand for further proceedings in light of Wallace. See id. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). In considering the application of Wallace, the district court is free to consider whether the case can be dismissed with prejudice on the merits. See Sup. Ct. of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980) (noting that prosecutors are absolutely immune from monetary damages claims); Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982) (same); see also Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002) (noting that a dismissal for failure to state a claim under § 1915A(b) should be made with prejudice). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4