**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7657**

JEFFREY BRIAN COHEN,

                Petitioner - Appellant,

      v.

ROD J. ROSENSTEIN, US Attorney; JOYCE KALLAM MCDONALD, Asst. US
Attorney; HARRY MASON GRUBER, Asst. US Attorney; KALLIOPI TSERKIS-
MULLINS, Postal Inspector, USPIS; JASON BENDER, Special Agent, FBI,

                Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge. (1:16-cv-01346-WMN)

Submitted: May 31, 2017                         Decided: June 8, 2017

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Jeffrey Brian Cohen, Appellant Pro Se. Matthew Paul Phelps, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Brian Cohen seeks to appeal the district court's order denying his motion for a preliminary injunction, as well as its order denying reconsideration of that ruling, denying without prejudice his motion for counsel, and staying his civil suit pending resolution of his criminal direct appeal. For the reasons that follow, we dismiss the appeal in part and affirm in part.

As a threshold inquiry to any appeal, we are obliged to satisfy ourselves of our appellate jurisdiction. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016); *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The portion of the court's order denying Cohen's motion for appointment of counsel is neither a final order nor an appealable interlocutory or collateral order. We therefore dismiss this portion of the appeal for lack of jurisdiction.

We have jurisdiction to review the district court's decisions denying a preliminary injunction as appealable interlocutory decisions. 28 U.S.C. § 1292(a)(1). Although we generally lack jurisdiction over an interlocutory appeal challenging the type of stay at issue here, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 11 n.11 (1983); *Amdur v. Lizars*, 372 F.2d 103, 105-06 (4th Cir. 1967), we conclude that we may exercise jurisdiction over the district court's stay order under the unusual circumstances presented by this case, *see United States ex rel. Lutz v. United States*, 853 F.3d 131, 139-40 (4th Cir. 2017); *Privitera v. Cal. Bd. of Med. Quality Assurance*, 926 F.2d 890, 892-94

2

(9th Cir. 1991). We therefore proceed to consider the merits of the district court's rulings addressing the stay and request for a preliminary injunction.

We review the district court's ruling on a motion for stay for abuse of discretion. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013). We have reviewed the record in this case and discern no reversible error in the district court's imposition of a stay. Although we recognize that absolute immunity would not bar Cohen's claims for declaratory or injunctive relief, *see Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980); *Allen v. Burke*, 690 F.2d 376, 378 (4th Cir. 1982), we agree that a stay is warranted in light of the case's posture and the relation of Cohen's claims to his criminal direct appeal, *see Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also United States v. Watson*, 793 F.3d 436, 437 (4th Cir. 2015) (recognizing Court's authority to affirm "on any basis appearing in the record").

Turning to Cohen's requests for preliminary injunctive relief, we review the district court's denial of a preliminary injunction for abuse of discretion. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014). To establish entitlement to a preliminary injunction, Cohen must demonstrate that: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (brackets and internal quotation marks omitted). We similarly review a district

3

court's denial of Fed. R. Civ. P. 59(e) relief for abuse of discretion. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014); *see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (describing grounds for Rule 59(e) relief); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 & n.11 (4th Cir. 2010) (discussing proper construction of postjudgment motion for reconsideration).

We discern no abuse of discretion in the district court's conclusion that Cohen failed to satisfy the requirements for a preliminary injunction. Our review of the record supports the conclusion that Cohen failed to demonstrate a clear likelihood of success on the merits or a clear right to the relief he seeks. Further, the only irreparable harm Cohen plausibly alleged stemmed from his allegation that the named Defendants' actions violated his right to retain counsel of his choice in his pending direct appeal. As the district court observed, however, Cohen's inability to retain counsel on appeal results not from any pretrial seizure of his assets, but instead from the considerable restitution and criminal forfeiture judgments entered against him as a result of the offenses of which he was convicted. Under these circumstances, we discern no reversible error in the court's determination that the extraordinary remedy of a preliminary injunction would not further the public interest or the equities of the case. We therefore affirm the court's denial of preliminary injunctive relief.

Accordingly, we dismiss the appeal in part for lack of jurisdiction, insofar as it challenges the denial of Cohen's motion for counsel. We affirm the district court's decisions to deny a preliminary injunction, to deny Rule 59(e) relief, and to stay the case pending resolution of Cohen's direct appeal. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*
