**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 18-1494**

---

MALVESTER DIXON, JR., a/k/a Malvester Muhammad,

Petitioner - Appellant,

v.

G. ANDREW HALL, Current Commonwealth's Attorney, City of Martinsville, Virginia; JOAN ZIGLAR, Former Martinsville Commonwealth Attorney,

Respondents - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:17-cv-00079-JLK-RSB)

---

Submitted:  September 28, 2018                    Decided:  October 16, 2018

---

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Malvester Dixon, Jr., Appellant Pro Se.  Ward L. Armstrong, Martinsville, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malvester Dixon, Jr., appeals the district court's order denying his motion for sanctions and dismissing his 42 U.S.C. § 1983 (2012) action seeking declaratory relief. Finding no reversible error, we affirm.

We review de novo the district court's order dismissing Dixon's action under Fed. R. Civ. P. 12(b)(6), "accepting all of [Dixon's] factual allegations as true and drawing all reasonable inferences in his favor." *Savage v. Maryland*, 896 F.3d 260, 267-68 (4th Cir. 2018). "To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (alterations and internal quotation marks omitted).

The district court properly determined that Dixon's claim for declaratory relief, to the extent it sought relief against the defendants in their official capacities, was barred by sovereign immunity, as it did not fall within the exception established in *Ex parte Young*, 209 U.S. 123, 155-56 (1908). *See Bland v. Roberts*, 730 F.3d 368, 389-91 (4th Cir. 2013) (discussing sovereign immunity); *TFWS, Inc. v. Schaefer*, 242 F.3d 198, 204 (4th Cir. 2001) (discussing exception). The district court dismissed Dixon's claim against the defendants in their personal capacity based on prosecutorial immunity. Prosecutorial immunity does not bar claims for declaratory relief, *see Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736-37 (1980); *Savage*, 896 F.3d at 274; *Allen v. Burke*, 690 F.2d 376, 378 (4th Cir. 1982), but we may affirm the district court's dismissal of Dixon's individual capacity claims "on any ground apparent in the

2

record," *see United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). Dixon's individual capacity claims were properly subject to dismissal for failure to state a claim. *See Burnette*, 687 F.3d at 180 (plausibility standard); *Waybright v. Frederick County, Md.*, 528 F.3d 199, 205 (4th Cir. 2008) (discussing due process claims); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (recognizing that official's own actions must violate plaintiff's rights to support liability under § 1983). Additionally, the Declaratory Judgment Act, 28 U.S.C. § 2201 (2012), does not provide Dixon an independent basis for relief. *See CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55 (4th Cir. 2011).

Contrary to Dixon's assertions, we find no basis in the record, including the transcript of the motions hearing, to question the presiding district judge's impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). And, to the extent Dixon challenges the denial of his request for sanctions, we discern no abuse of discretion in the district court's ruling. *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 443 (4th Cir. 2011) (standard of review); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 388-89, 397 (4th Cir. 2004) (en banc) (discussing procedural requirements for requesting sanctions).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3